Kyle T. Cutts (257641)
kcutts@bakerlaw.com
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone: 216.621.0200
Facsimile: 216.696.0740

*Attorneys for Defendant*
TRUSTED MEDIA BRANDS, INC.

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANE TOVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRUSTED MEDIA BRANDS, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: **'19CV1643 AJB WVG**<br><br>**NOTICE OF REMOVAL OF ACTION (28 U.S.C. §§ 1332, 1441, 1446, 1453)** |

TO THE PLAINTIFF, HIS ATTORNEY, AND THE ABOVE-CAPTIONED COURT:

Please take notice that defendant Trusted Media Brands, Inc. ("Defendant") removes this action from the Superior Court of the State of California for the County of San Diego, where it is now pending, to the United States District Court for the Southern District of California. Defendant removes this case based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, 1446, and 1453. The Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453.

## BACKGROUND

1. On or about July 26, 2019, Plaintiff Dane Tovey filed a complaint ("Complaint") in the Superior Court of San Diego, entitled *Tovey v. Trusted Media Brands, Inc.*, Case No. 37-2019-00038992-CU-BT-CTL.

2. The Complaint, which is styled as a putative class action, alleges three causes of action, including violations of the California Consumer Legal Remedies Act and California's Unfair Competition law. (Compl. ¶¶ 28-49.) Plaintiff bases his claims on Defendant's alleged violation of California's Automatic Renewal Law, California Business and Professions Code § 17600 *et seq*. (*Id.* ¶¶ 10-20.)

3. Plaintiff served Defendant with the summons and Complaint on August 1, 2019. A copy of the proof of service is attached as Exhibit A.

4. A copy of all other documents included on the state-court docket is attached as Exhibit B.

5. Defendant is also aware that the Superior Court has calendared a case management conference for December 27, 2019.

6. Defendant is not aware of the filing of any other process or pleading.

7. This Notice of Removal is timely because the Defendant filed it within thirty days of service of the summons and Complaint. *See* 28 U.S.C. § 1446(b).

8. Defendant will serve Plaintiff, through counsel, with this Notice of Removal and all documents filed in support as required under 28 U.S.C. § 1446(d).

9. Removal to this district is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the state court action was filed in this district.

10. Defendant will contemporaneously file a copy of this notice and related documents with the clerk of the Superior Court under 28 U.S.C. § 1446(d).

## REMOVAL BASED ON CAFA JURISDICTION

11. Under CAFA, a district court shall have original jurisdiction over any civil action styled as a class action in which: (1) the number of members of the

proposed plaintiff class is not less than one hundred, in the aggregate; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2) & (d)(5).  If a state court putative class action meets all three requirements, the defendant may remove it to federal court.  28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]").

12. This notice need only include "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014).

**A. The Proposed Class Consists of at least 100 Members**.

13. Plaintiff seeks to certify a class defined as: "All individuals in California who, within the applicable limitations period, were enrolled by Defendants in an automatic renewal or a continuous service program. Excluded from the Class are all employees of Defendants, all employees of Plaintiff's counsel, and the judicial officers to whom this case is assigned." (Compl. ¶ 21.)

14. Plaintiff "alleges that the Class consists of at least 100 members." (*Id.* ¶ 24.)  Were the class to be certified as sought by plaintiff, it would exceed 100 members.

15. Accordingly, CAFA's first requirement is satisfied.

**B. The Amount in Controversy Exceeds $5 Million.**

16. Plaintiff's Complaint does not plead a specific amount of damages. Accordingly, Defendant "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[.]" *Varsam v. Lab Corp. of Am.*, No 14CV2719 BTM JMA, 2015 WL 4199287, at *1 (S.D. Cal. July 13, 2015).  Removal is proper so long as Defendant establishes by a preponderance of the evidence that

- 3 -

Plaintiff demands more than $5 million in damages in the aggregate for himself and the putative class.  *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met.").  Defendant's burden of proof on removal "is not daunting, as courts recognize that . . . a removing defendant is *not* obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008) (emphasis in original) (internal quotations omitted).

17.  "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn*, 536 F. Supp. 2d at 1205.  "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id*. (emphasis in original); *accord Deehan v. Amerigas Partners, L.P.*, No. 08cv1009 BTM (JMA), 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008); *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007).

18.  In the Complaint, Plaintiff seeks damages, injunctive relief, and attorneys' fees and costs.  (Compl. Prayer for Relief ¶¶ 1-10.)  Plaintiff's request for damages and attorneys' fees, exclusive of the cost of compliance with the injunction he requests, exceeds the $5 million statutory threshold.

19.  With respect to damages, Plaintiff seeks "restitution of all amounts that Defendants charged or caused to be charged to Plaintiff's and Class members' credit cards, debit cards, or third-party payment accounts during the four years preceding the commencement of this action[.]" (*Id*. ¶ 31.)  Moreover, Plaintiff defines the class as "[a]ll individuals in California who . . . were enrolled by defendants in an automatic renewal program or a continuous service program." (*Id*. ¶ 21.)

- 4 -

Baker & Hostetler LLP
Attorneys at Law
Cleveland

20. As pled by Plaintiff, the Complaint assumes a 100% violation rate and seeks a 100% refund rate for all amounts collected by defendants on automatic renewal and continuous service programs for the four years preceding filing of the Complaint and continuing into the future. (*Id.* ¶¶ 21, 31.) *See Muniz*, 2007 WL 1302504, at *4 (permitting a defendant to utilize a 100% violation rate when calculating amount in controversy where plaintiff did not include "fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%").

21. In addition to damages, the attorneys' fees Plaintiff seeks must be considered when calculating the amount in controversy under CAFA. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (court must consider attorneys' fees in determining jurisdictional threshold under CAFA); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) ("We have held that attorneys' fees were properly included in the amount in controversy in a class action."), *overruled on other grounds*, *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013); *Yeroushalmi v. Blockbuster, Inc.*, No. CV 05-225-AHM (RCX), 2005 WL 2083008, at *3, *5 & n.4 (C.D. Cal. July 11, 2005) (finding amount in controversy satisfied based on potential damages and attorneys' fees award and cost of injunctive relief). Here, Plaintiff requests attorneys' fees pursuant to California Civil Code § 1780(e). (Compl. Prayer for Relief ¶ 4.)

22. Courts will often look to fee awards in similar cases to determine the appropriate measure of attorneys' fees when evaluating the amount in controversy. *See, e.g.*, *Fefferman v. Dr. Pepper Snapple Grp., Inc.*, No. 313CV00160HKSC, 2013 WL 12114486, at *4 (S.D. Cal. Mar. 12, 2013) (denying motion to remand). Relevant here, counsel in cases implicating California's auto-renewal law received $1.6 million in attorneys' fees in *Noll v. eBay, Inc.*, 309 F.R.D. 593, 612 (N.D. Cal.

2015) and $2.3 million in *Williamson v. McAfee, Inc.*, No. 5:14-CV-00158-EJD, 2017 WL 6033070, at *2 (N.D. Cal. Feb. 3, 2017).

23. Here, if Plaintiff succeeds in his request for restitution of the monies that Plaintiff and Class members paid to Defendant for automatically renewing or continuous-service products during the four years preceding Plaintiff's lawsuit, and if the Court were to award him even a fraction of the attorneys' fees awarded in *Noll* or *Williamson*, Plaintiff would receive more than $5 million.

24. Further, Defendant's cost of compliance in connection with Plaintiff's request for injunctive relief adds to that amount. *Fefferman*, 2013 WL 12114486, at *4 (amount in controversy in class actions requesting injunction may be determined by cost of compliance); *Bayol v. Zipcar, Inc.*, 2015 WL 4931756, at *10 (N.D. Cal. Aug. 18, 2015) ("[T]he amount in controversy includes the value of injunctive relief. . . . [A] defendant's aggregate cost of compliance with an injunction is appropriately counted toward the amount in controversy.").

25. Were Defendant to be ordered to comply with Plaintiff's request for injunctive relief, Defendant would incur substantial costs. Indeed, complying with Plaintiff's request for injunctive relief would interrupt Defendant's business in California (and likely elsewhere), resulting in lost income and profits and further require Defendant to revise all of its advertising and campaign and materials and customer processes.

26. Given Plaintiff's request for damages and an award of attorneys' fees, and the cost of compliance with the injunction Plaintiff seeks, the amount in controversy exceeds $5 million.

**C. The Parties are Citizens of Different States.**

27. Plaintiff alleges that he resides in San Diego County. (Compl. ¶ 2.)

28. As alleged by Plaintiff, Defendant is a corporation organized and existing under the laws of Delaware. (*Id.* ¶ 3.)

- 6 -

29. The Complaint does not include allegations of Defendant's principal place of business. At all relevant times, Defendant's principal place of business was and is located in New York.

30. Thus, diversity of citizenship exists between Plaintiff and Defendant under CAFA.

## **RESERVATION OF RIGHTS**

31. Defendant denies the allegations in the Complaint as well as the appropriateness of class certification and files this notice without waiving any defenses or objections (or anything else that may exist in its favor) in either state or federal court.

32. Defendant reserves the right to amend or supplement this notice. If any questions arise as to the propriety of removal, Defendant requests to be heard on the matter.

33. For the reasons stated above, Defendant requests that the Court remove this action, Case No. 37-2019-00038992-CU-BT-CTL, now pending in the Superior Court of San Diego.

///

| | |
|---|---|
| Dated: August 29, 2019 | Respectfully submitted, |
| | BAKER & HOSTETLER LLP |
| | By: */s/ Kyle T. Cutts* |
| | Kyle T. Cutts (257641) |
| | kcutts@bakerlaw.com |
| | Baker & Hostetler LLP |
| | Key Tower |
| | 127 Public Square, Suite 2000 |
| | Cleveland, OH 44114-1214 |
| | Telephone: 216.621.0200 |
| | Facsimile: 216.696.0740 |
| | *Attorneys for Defendant* |
| | Trusted Media Brands, Inc. |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
CLEVELAND

## **CERTIFICATE OF SERVICE**

I, Kyle T. Cutts, hereby certify that on August 29, 2019, the foregoing, with exhibits thereto, was served on the following counsel for plaintiffs by First-Class mail, postage fully prepaid:

>DOSTART HANNINK & COVENTRY LLP
>James T. Hannink (131747)
>Zach P. Dostart (255071)
>4180 La Jolla Village Drive, Suite 530
>La Jolla, CA 92037
>Telephone: (858) 613-4200
>Facsimile: (858) 613-4299
>Email: jhannink@sdlaw.com
>          zdostart@sdlaw.com

*/s/ Kyle T. Cutts*

Kyle T. Cutts
*Attorney for the Defendant*